**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION**

| | | |
|---|---|---|
| **LEOBARDO MONDRAGON CARRILLO,** | § | |
| Movant, | § | |
| | § | **Cause No. EP-26-CV-689-KC** |
| v. | § | **Cause No. EP-24-CR-352-KC-1** |
| | § | |
| **UNITED STATES OF AMERICA,** | § | |
| Respondent. | § | |

**MEMORANDUM OPINION AND ORDER
VACATING AND REINSTATING A JUDGMENT IN A CRIMINAL CASE AND
DISMISSING MOVANT'S MOTION UNDER 28 U.S.C. § 2255**

Leobardo Mondragon Carrillo, federal prisoner number 22153-111, challenges his sentence through a *pro se* motion under 28 U.S.C. § 2255. Mot. to Vacate, ECF No. 42.[1] He claims, among other things, that his counsel provided ineffective assistance when he failed to file a notice of appeal. *Id*. at 4. His claim has merit and the judgment in his criminal case is accordingly vacated and reinstated, re-commencing the fourteen-day period for him to file a timely notice of appeal. His § 2255 motion is additionally dismissed without prejudice.

**BACKGROUND AND PROCEDURAL HISTORY**

Carrillo is a 38-year-old prisoner serving a 255-month sentence for drug trafficking. J. Crim. Case, ECF No. 38. He is currently confined at the Federal Correctional Institution in Forrest City, Arkansas, with anticipated release date of January 9, 2040. *See* Federal Bureau of Prisons, Find an Inmate, www.bop.gov/inmateloc (search for Reg. No. 22153-111, last visited March 16, 2026).

In January of 2024, Federal Bureau of Investigations special agents learned from a confidential source that a Sinaloa Cartel narcotics broker, later identified as Leobardo Mondragon Carrillo, had asked him to retrieve 150 kilograms of methamphetamine from a "stash house" in Arlington, Texas.

---

[1] "ECF No." refers to the Electronic Case Filing number for documents docketed in EP-24-CR-352-KC-1. Where a discrepancy exists between page numbers on filed documents and page numbers assigned by the ECF system, the Court will use the latter page numbers.

Presentence Investigation, ECF No. 35 at ¶ 4. They executed search warrant at the stash house and seized 19 trash bags filled with 532 clear plastic bundles containing 372.24 kilograms of suspected methamphetamine; three spiral notebooks containing ledgers; and $1,072 in currency. *Id.* at ¶ 7. They requested a Drug Enforcement Administration lab analysis which confirmed that the substance they seized was 99% pure methamphetamine. They determined that the stash house was Carrillo's residence and that Carrillo had received a combined total of 1,182 kilograms of methamphetamine (1,170.18 kilograms actual) in multiple shipments from Mexico at the house. *Id.* at ¶ 9. They learned that Carrillo re-packaged the methamphetamine and delivered currency to undisclosed locations. They also learned that Carrillo was paid $30,000 per methamphetamine load received from Mexico.

Carrillo pleaded guilty to one count of conspiracy to possess with intent to distribute 500 grams or more of methamphetamine. J. Crim. Case, ECF No. 38. He was sentenced to 255 months' imprisonment followed by five years' supervised release.

In his § 2255 motion, Carrillo asserts two ineffective-assistance-of-counsel claims. Mot. to Vacate, ECF No. 42 at 4, 5. First, he contends that his counsel failed to file a notice of appeal ("Assistencia inefectiva de letrado: Fallo a presentar una notificación de apelacion."), *Id*. at 4. Second, he complains his counsel failed to explain the risks and benefits of the settlement offer ("Assistencia inefectiva de letrado: Fallo a explicar los riesgos y beneficias de la oferta del acuerdo."). *Id*. at 5. He asks the Court to reinstate his appeal so that he may withdraw his plea and proceed to trial ("Reintegrar Movant's apelacion director para que yo pueda tetirrer mi acuerdo y ir a un juicio."). *Id*.

## STANDARD OF REVIEW

A § 2255 motion "'provides the primary means of collateral attack on a federal sentence.'" *Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000) (quoting *Cox v. Warden*, 911 F.2d 1111, 1113 (5th Cir. 1990)). Relief under § 2255 is warranted for errors that occurred at trial or at sentencing. *Solsona v.*

*Warden, F.C.I.,* 821 F.2d 1129, 1131 (5th Cir. 1987). Before a court will grant relief, however, the movant must establish that (1) his "sentence was imposed in violation of the Constitution or laws of the United States, (2) the sentencing court was without jurisdiction to impose the sentence, (3) the sentence was in excess of the maximum authorized by law, or (4) the sentence is otherwise subject to collateral attack." *United States v. Seyfert*, 67 F.3d 544, 546 (5th Cir. 1995) (citations omitted). Ultimately, the movant bears the burden of establishing his claims of error by a preponderance of the evidence. *Wright v. United States*, 624 F.2d 557, 558 (5th Cir. 1980) (citing *United States v. Kastenbaum*, 613 F.2d 86, 89 (5th Cir. 1980)).

## ANALYSIS

Carrillo claims his appointed counsel provided constitutionally ineffective assistance. Mot. to Vacate, ECF No. 42 at 4, 5. Specifically, he asserts that his counsel failed to present a notice of appeal. *Id.* at 4.

A movant's ineffective-assistance-of-counsel claim is analyzed under the two-pronged test in *Strickland v. Washington*, 466 U.S. 668 (1984). *United States v. Willis*, 273 F.3d 592, 598 (5th Cir. 2001). To prevail, a movant must demonstrate (1) his counsel's performance was deficient and (2) the deficient performance prejudiced his defense. *Strickland*, 466 U.S. at 689–94. To establish deficient performance, he must present evidence that his counsel's assistance fell "'below an objective standard of reasonableness.'" *United States v. Conley*, 349 F.3d 837, 841 (5th Cir. 2003) (quoting *Strickland*, 466 U.S. at 688). To show prejudice, he "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. If a movant fails to prove one prong, the reviewing court need not analyze the other. *See Carter v. Johnson*, 131 F.3d 452, 463 (5th Cir. 1997) ("Failure to prove either deficient performance or actual prejudice is fatal to an ineffective assistance claim.").

"[C]ounsel is constitutionally required to fully inform the defendant as to his appellate rights." *White v. Johnson*, 180 F.3d 648, 652 (5th Cir. 1999). Moreover, "[t]he Constitution requires that 'the client be advised not only of his right to appeal, but also of the procedure and time limits involved and of his right to appointed counsel on appeal.'" *United States v. Faubion*, 19 F.3d 226, 231 (5th Cir. 1994) (quoting *Qualls v. United States*, 774 F.2d 850, 851–52 (7th Cir. 1985)). "[C]ounsel's failure to inform [a defendant] of the time limit for filing an appeal [is] objectively unreasonable." *United States v. Gipson*, 985 F.2d 212, 215 (5th Cir. 1993). Furthermore, the failure to file a requested notice of appeal is *per se* ineffective assistance of counsel, with or without showing that the appeal would have merit. *Roe v. Flores-Ortega*, 528 U.S. 470, 483–86 (2000).

Accepting Carrillo's allegation is true, his retained counsel's deficient performance deprived him of more than a fair judicial proceeding—it deprived him of an appellate proceeding altogether. Hence, he is entitled to relief.

The Court has "'broad and flexible power … to fashion an appropriate remedy'" in a § 2255 proceeding. *United States v. Stitt*, 552 F.3d 345, 355 (4th Cir. 2008) (quoting *United States v. Hillary*, 106 F.3d 1170, 1171 (4th Cir. 1997); *see also Andrews v. United States*, 373 U.S. 334, 339 (1963) ("a § 2255 proceeding can … be utilized to provide a … flexible remedy"); *United States v. Torres-Otero*, 232 F.3d 24, 30 (1st Cir. 2000) ("[W]e note the broad leeway … afforded district courts in the exercise of their § 2255 authority … because a district court's power under § 2255 'is derived from the equitable nature of habeas corpus relief.'") (quoting *United States v. Handa*, 122 F.3d 690, 691 (9th Cir. 1997)); *see also Schlup v. Delo*, 513 U.S. 298, 319 (1995) ("[H]abeas corpus is, at its core, an equitable remedy.").

Under the circumstances in this case, permitting Carrillo to pursue an out-of-time appeal would serve as an appropriate equitable and appropriate remedy. *See Gipson*, 985 F.2d at 215 ("In the context of

4

the loss of appellate rights, prejudice occurs where a defendant relies upon his attorney's unprofessional errors, resulting in the denial of his right to appeal."); *Childress v. Lynaugh*, 842 F.2d 768, 772 (5th Cir. 1988) ("Prejudice resulting from the denial of a defendant's right to appeal is presumed because a criminal conviction can be attacked on numerous grounds and thus, given the likelihood of prejudice, a case-by-case inquiry is not worth the cost.").

In the Fifth Circuit, "the procedure for granting an out-of-time direct criminal appeal is dismissing the § 2255 motion without prejudice." *United States v. West*, 240 F.3d 456, 460 (5th Cir. 2001). The sentencing court then reinstates the movant's judgment of conviction to reset the time of which his appeal should run. *See United States v. Flores*, 442 F. App'x 123, 124 (5th Cir. 2011) ("Once the judgment is reentered, [Defendant]'s notice of appeal will be treated as if it was filed on the date of or after reentry."). This procedure remedies counsel's deficiency by providing a § 2255 movant with the opportunity to file a notice of appeal from the re-imposed sentence within the fourteen days mandated by Federal Rule of Appellate Procedure 4(b)(1)(A)(i). *See West*, 240 F.3d at 459 (explaining the Fifth Circuit Court of Appeals sanctions this procedure, noting the distinction between the judicial and statutory remedy).

## CONCLUSION AND ORDERS

Accordingly, for the reasons discussed above, the Court enters the following orders:

**IT IS ORDERED** that the "Judgment in a Criminal Case" entered in cause number EP-24-CR-352-KC-1 (ECF No. 38) is **VACATED** and **REINSTATED** as of the date a final judgment is entered in the instant civil cause, recommencing the fourteen-day period for filing a timely notice of appeal set forth in Federal Rule of Appellate Procedure 4(b)(1)(A)(i).

**IT IS FURTHER ORDERED** that Leobardo Mondragon Carrillo's *pro se* "Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody" (ECF No. 42)

5

and civil cause number EP-26-CV-689-KC are **DISMISSED WITHOUT PREJUDICE**.

IT IS FURTHER ORDERED that Leobardo Mondragon Carrillo is **DENIED** a certificate of appealability concerning his § 2255 motion.[2]

IT IS FURTHER ORDERED that this matter is **REFERRED** to United States Magistrate Judge Miguel A. Torres to determine whether Leobardo Mondragon Carrillo remains eligible for court-appointed counsel in accordance with 18 U.S.C. § 3006A and Federal Rule of Criminal Procedure 44. If he is eligible, the Court **DIRECTS** Magistrate Judge Torres to appoint counsel for his direct appeal.

IT IS FINALLY ORDERED that the Clerk shall **CLOSE** the civil case, EP-26-CV-689-KC.

SIGNED this 17th day of March, 2026.

KATHLEEN CARDONE
UNITED STATES DISTRICT JUDGE

---

[2] *See* 28 U.S.C. foll. § 2255 R. 11(a) ("The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant").